UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> E.M.D. CONSTRUCTION ) <br> SERVICES, INC, ) <br> ) <br> Defendant. ) | Case No. 4:05CV2316 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, [Doc. No 14]. Defendant opposes the Motion and has filed a written opposition thereto, to which Plaintiffs did not reply. For the reasons set forth below the Motion is denied, without prejudice.

Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act, (ERISA), 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to recover allegedly delinquent contributions owed by Defendant.

Defendant is a party to a collective bargaining agreement with Cement Masons Local 527 which requires the payment of contributions to the Cement Masons benefit funds. The collective bargaining agreement also provides for the

payment of 10% liquidated damages, interest, attorneys' fees, court costs and audit fees. The collective bargaining agreement authorizes Plaintiffs to audit the payroll records of signatory employers. Plaintiffs hired an accounting firm to conduct two audits of Defendant's payroll records. As a result of the audits, Plaintiffs allege that Defendant was delinquent in its contributions and that they are therefore entitled to summary judgment in the amounts listed in their pleadings.

In its response, Defendant argues that all contributions have been paid, that it is unable to ascertain from the pleadings which employee contributions are allegedly delinquent and that its bonding company is going to pay Plaintiffs an amount which will result in no moneys being owed to Plaintiffs. Thus, Defendant urges that summary judgment is not appropriate because there exists genuine issues of material fact regarding the payments made and amounts allegedly owed.

## **Summary Judgment Standard**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden to establish both the absence of a genuine issue of material fact and

that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003).

## Discussion

Plaintiffs have submitted a "Summary of Amounts Due" in support of the Motion for Summary Judgment. Understandably, the names of the employees have been redacted. This however, fails to inform Defendant of the employees for which Plaintiffs are claiming benefits are owed. Defendant argues that it is unable to ascertain what contributions Plaintiff claims are delinquent. Furthermore, Defendant's affidavit disputes Plaintiffs's contention that certain amounts are delinquent. At this stage, it appears that genuine issues of material fact exist as to

whether the contributions are delinquent. Considering the evidence in the light most favorable to Defendant, the nonmoving party, the Court cannot find that Plaintiff is entitled to judgment as a matter of law. The Court is of the opinion that the parties may be able to resolve any disputed facts simply by meeting and discussing the "who, what, where, and when" of the allegedly owed contributions. The record before the Court at this time is insufficient for the Court to clearly determine that the amounts are owed and that the amounts are delinquent.

## Conclusion

Because genuine issues of material fact still exist, summary judgment is not appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, [Doc. No. 14], is denied, without prejudice to refiling in the event that further evidence as to the delinquencies can be produced.

Dated this 19th day of January, 2007.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE